United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CADSOFT CORPORATION, a foreign corporation, <br><br> Plaintiff, <br><br> v. <br><br> RIVERDEEP, LLC, a Delaware Limited Liability Company, <br><br> Defendant. <br> ──────────────────────────── <br> RIVERDEEP, LLC, a Delaware Limited Liability Company, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> PUNCH SOFTWARE, LLC, a Delaware corporation, <br><br> Third-Party Defendant. <br> ──────────────────────────── | No. C-06-4255 SC <br><br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION AND DENYING DEFENDANT'S <u>MOTION TO CONTINUE</u> |

I.  **INTRODUCTION**

Presently before the Court are two related motions.  The first is a Motion for Summary Adjudication filed by Plaintiff Cadsoft Corporation ("Plaintiff" or "Cadsoft").  Pl.'s Mot., Docket No. 27.  Plaintiff seeks a ruling on its First and Second Claims for Relief as well as Defendant's Sixth Affirmative Defense.  See id. at 1.  The second is a Motion to Continue filed by Defendant Riverdeep, LLC ("Defendant" or "Riverdeep").  Def.'s

Mot. to Continue, Docket No. 40.  Defendant seeks a continuance in order to conduct additional discovery in response to Plaintiff's Motion.  See id. at 2.

For the reasons described herein, Plaintiff's Motion for Summary Adjudication is GRANTED as to its First and Second Claims for Relief and Defendant's Sixth Affirmative Defense.  Defendant's Motion to Continue is DENIED.

## II. BACKGROUND

On January 7, 2002, Cadsoft entered into a Software Development and Publishing Agreement (the "Agreement") with Broderbund Properties.  See Def.'s Opp'n at 3.  Under the Agreement, Cadsoft would develop home architecture software and Broderbund would publish that software under a copyright license while paying fees and royalties to Cadsoft.  See Pl.'s Mot. at 2. In February 2003, Broderbund, Riverdeep, and Cadsoft executed an amendment to the Agreement assigning Broderbund's rights to Riverdeep.  See Piasecki Decl., Ex. A.  Cadsoft gave its express consent to the assignment of the copyright license.  See id.

On October 12, 2004, Riverdeep assigned the Agreement to Punch Software, LLC ("Punch").  See Piasecki Decl., Ex. B. Riverdeep did not obtain Cadsoft's express consent for the assignment.  See id.  Cadsoft asserts that Riverdeep's failure to obtain express consent invalidates the assignment under federal copyright law.  See Pl.'s Mot. at 11.  By contrast, Riverdeep asserts that Cadsoft's claims are barred because Cadsoft was aware of the deal and accepted its benefits.  See Def.'s Opp'n at 13.

-2-

### III. LEGAL STANDARD

Under Rule 56(c), "[a] summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages." Fed. R. Civ. P. 56(c). Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue of fact exists when the non-moving party produces evidence on which a reasonable trier of fact could find in its favor viewing the record as a whole in light of the evidentiary burden the law places on that party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252-56 (1986). Summary judgment is therefore appropriate against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322-23. The more implausible the claim or defense asserted by the opposing party, the more persuasive its evidence must be to avoid summary judgment, see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), but "[t]he evidence of the non-moving party is to be believed, and all justifiable inferences are to be drawn in its favor." Anderson, 477 U.S. at 255.

### IV. DISCUSSION

Cadsoft asserts that it is entitled to summary adjudication

-3-

on the issue of liability because Riverdeep failed to obtain Cadsoft's express consent before assigning its rights under the copyright license Agreement to Punch. See Pl.'s Mot. at 1. There are no material issues of fact regarding the assignment: Riverdeep, the licensee, assigned the Agreement to Punch without Cadsoft's, the licensor's, express consent and has failed to present any evidence to the contrary. See Piasecki Decl.

In Gardner v. Nike, the Ninth Circuit resolved the issue in question. 279 F.3d 779 (9th Cir. 2002). The court held that the 1976 Copyright Act "does not allow a copyright licensee to transfer its rights under an exclusive license, without the consent of the original licensor." Id. at 780. Upon a review of the relevant portions of the Agreement, which were submitted under seal, it is clear that Riverdeep was granted an exclusive license. Thus, Riverdeep was required to obtain Cadsoft's consent before assigning the Agreement. Riverdeep argues that it had Cadsoft's consent because "Cadsoft knew of the intended assignment of the Agreement to Punch months before it was effective, negotiated with Riverdeep and Punch regarding the implications of the assignment, and enforced its rights under the Agreement." Def.'s Opp'n at 1-2. Construing the evidence in the light most favorable to Riverdeep, Cadsoft's actions in this matter only rise to the level of implied consent. This is not sufficient under the law, which requires explicit, or express consent. "[T]here are strong policy reasons to place the burden on the licensee to get the licensor's explicit consent either during or after contract negotiations." Gardner, 279 F.3d at 781 (emphasis added); see Miller v. Glenn

-4-

Miller Prods., 318 F. Supp. 2d 923, 938 (C.D. Cal. 2004) ("copyright and trademark licensors share a common retained interest in the ownership of their intellectual property-an interest that would be severely diminished if a licensee were allowed to sub-license without the licensor's express permission").

Riverdeep's arguments in opposition to Cadsoft's motion fail to overcome the bright-line rule requiring explicit consent for a copyright assignment. First, as discussed earlier, there are no material issues of fact related to Cadsoft's motion. Second, Riverdeep's estoppel and waiver defenses fail because Riverdeep never informed Cadsoft of the terms of the assignment prior to executing the contract with Punch. See Piasecki Decl. Though Cadsoft may have suspected that a deal between Riverdeep and Punch was possible, that suspicion cannot overcome Riverdeep's legal and contractual duty to obtain explicit consent from Cadsoft before assignment. The policy implications supporting the express consent requirement are strong. See Gardner, 279 F.3d at 781 (discussing that original licensors will be concerned with several issues including the financial strength of the new company and its intended use of the copyrighted material). Moreover, under the Agreement any modifications were required to be in writing and Riverdeep clearly failed to get Cadsoft's written consent to involve Punch in the license. See Pl.'s Reply at 13. Finally, Cadsoft has standing to object to the improper assignment of its copyright and breach of its contract with Riverdeep. In Gardner, the court stated that the improper sublicensee lacked standing

-5-

because it had no legally cognizable interest in the suit. See 279 F.3d at 777. By contrast, Cadsoft has a legally cognizable interest in the use of its own copyrighted material.

Before responding to Cadsoft's motion for summary adjudication, Riverdeep filed a motion to continue in order to conduct additional discovery in response to Cadsoft's motion. To succeed on this Rule 56(f) motion, Riverdeep "must show (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." State of California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998). As previously discussed, under the law relevant to Cadsoft's summary adjudication motion, Riverdeep must present facts demonstrating that Cadsoft expressly consented to the assignment. In its Motion to Continue, Riverdeep has not asserted that documents demonstrating Cadsoft's express consent exist. See Def.'s Mot. to Continue at 5. Riverdeep instead argues that Cadsoft's internal communications and communications with Punch are likely to indicate express consent. However, as discussed above, express consent requires an explicit agreement between Cadsoft and Riverdeep. If an express consent agreement existed in this case, both Riverdeep and Cadsoft would possess an executed document. Since a consent agreement was never created, see Piasecki Decl., additional discovery would be futile. Riverdeep has thus failed to explain how any additional discovery will reveal the essential

//

1  facts necessary to resist Cadsoft's motion.

3  **V.   CONCLUSION**

4  For the reasons discussed herein, Plaintiff's Motion for
5  Summary Adjudication is GRANTED as to its First and Second Claims
6  for Relief and Defendant's Sixth Affirmative Defense.  Defendant's
7  Motion to Continue is DENIED.

9  IT IS SO ORDERED.

11  Dated: May 18, 2007



UNITED STATES DISTRICT JUDGE

-7-