Irwin B. Schwartz (SBN 141140)
John V. Komar (SBN 169662)
Business Litigation Associates, P.C.
2033 Gateway Place, Suite 500
San Jose, California 95110
Telephone: 408-947-9099
Facsimile:  408-947-9001

Attorneys for Defendant and Third-Party
Plaintiff Riverdeep, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CADSOFT CORPORATION, a foreign corporation,<br><br>       Plaintiff,<br><br>vs.<br><br>RIVERDEEP, LLC, a Delaware Limited Liability Company,<br><br>       Defendant. | Case No.: C06-4255 SC<br><br>STIPULATION AND ORDER [PROPOSED] CONTINUING TRIAL DATE AND CASE MANAGEMENT DEADLINES<br><br>Hon: Samuel Conti |
| RIVERDEEP, INC., LLC, a Delaware Limited Liability Company,<br><br>       Third-Party Plaintiff,<br><br>vs.<br><br>Punch Software, LLC, a Delaware corporation,<br><br>       Third-Party Defendant. | |

    Plaintiff Cadsoft Corporation ("Cadsoft"), Defendant/Third-Party Plaintiff Riverdeep, Inc., LLC, and Third-Party Defendant Punch Software, LLC ("Punch") stipulate that the trial

date in this matter, currently set for November 5, 2007 should be continued until February 18, 2008, as follows:

1.   The parties have been diligently prosecuting their respective positions in this litigation.  Currently, trial is set for November 5, 2007.  The discovery cutoff is October 5, 2007, with expert disclosure set for September 17, 2007.  However, several things have happened since the trial date was originally set in this case that the parties believe warrant continuing the trial date until February 2008 and continuing associated case management deadlines accordingly.

2.   On August 8, 2007, plaintiff Cadsoft filed an amended complaint adding a claim for copyright infringement.  Plaintiff seeks to enforce the copyright, which is a Canadian copyright, under the provisions of the Berne Convention.  Defendant Riverdeep needs additional time to seek discovery into the copyright claim so that it may fully evaluate that claim, and make informed decisions about finding and retaining relevant experts which may include experts on Canadian law.  Riverdeep further needs this discovery and time to evaluate and to determine whether the claim is subject to resolution by dispositive motion.  Given its recent addition of the copyright claim, plaintiff Cadsoft does not oppose this additional time for discovery and expert designation.  Third party defendant Punch, similarly, does not oppose this additional time for discovery and expert designation.  Simply, there is insufficient time to complete discovery into the copyright claim, find and retain experts, and make a determination on any dispositive motions prior to the expert disclosure date and trial date.

3.   Next, a key Riverdeep witness and participant in this case, the Riverdeep General Counsel, will be on her honeymoon during the time currently set for trial.  At the time the case was set for trial, Riverdeep was unclear whether she would be a witness at trial.  As the case

progressed, however, the essential nature of her testimony became clear, and Riverdeep believes it would be prejudiced if forced to try this case without her live testimony.  Cadsoft agrees that her testimony is necessary and intends to call her as a witness.

4. There are currently several discovery disputes amongst the parties.  While Cadsoft has filed a motion to compel, the hearing date has not been set by the Magistrate Judge.  The results of that motion could impose significant additional discovery obligations that cannot be completed before expert disclosure, and potentially trial, including the re-creation of an archived database.  In addition, due to scheduling difficulties, the parties only recently completed some essential depositions.  The parties anticipate several discovery disputes arising out of those depositions that will likely require resolution by this court.  But, transcripts have not yet been received, which means the parties cannot have a meaningful meet and confer about the specific areas of inquiry at issue, and cannot yet file motions.  Again, there is insufficient time ahead of the discovery cutoff and expert disclosure deadline to resolve these discovery issues.

5. The parties agree that continuing the trial until February will give them sufficient time to resolve all discovery issues, complete discovery, identify and retain experts, and properly prepare for trial.  As far as setting a specific trial date, the only restrictions are that the trial should not take place February 12-16, as certain witnesses are unavailable that week.  Assuming a trial date of February 18, 2007, the parties also stipulate to the following case management deadlines:

Non-Expert Discovery Cut-Off: December 1, 2008

Expert Disclosure:  December 7, 2008

Rebuttal Expert Disclosure:  January 20, 2008

Last day to hear dispositive motions: January 11, 2008 at 10:00 a.m.

Expert Discovery Cutoff: January 15, 2008

Pretrial Conference: February 8, 2008 at 10:00 a.m.

Trial: February 19, 2008 at 9:30 a.m.

Dated: September 5, 2007        BUSINESS LITIGATION ASSOCIATES, P.C.


                                /s/
                                Irwin B. Schwartz
                                John V. Komar
                                Attorneys for Defendant/Third Party Plaintiff
                                Riverdeep Inc., LLC


Dated: September 5, 2007        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


                                /s/
                                P. Craig Cardon

                                Attorneys for Plaintiff Cadsoft Corporation


Dated: September 5, 2007        SHARTSIS FRIESE LLP

                                /s/
                                Amy L. Hespenheide
                                Mary Jo Shartsis

                                Attorneys for Third-Party Defendant Punch Software, LLC

I, John V. Komar, attest that P. Craig Cardon, counsel for Plaintiff Cadsoft Corporation and Amy L. Hespenheide, counsel for Third-Party Defendant Punch Software, LLC have concurred in the filing of this document.

So Ordered:        9/7/07

                                IT IS SO ORDERED
                                _____
                                United States Judge
                                Judge Samuel Conti